UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:13cr70 (JBA) |
| *v.* | |
| EDWIN CEPEDA | May 11, 2015 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On January 6, 2014, Defendant Edwin Cepeda pled guilty to conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He was sentenced [Doc. # 1352] on November 12, 2014 to 36 months' imprisonment. He now moves [Doc. # 1391], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" is entitled to seek the benefit of the reduced sentencing range. Mr. Cepeda contends that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. However, Mr. Cepeda was sentenced on November 12, 2014, after Amendment 782 took effect, and the Court explicitly noted in its Statement of Reasons [Doc. # 1392-3] that it calculated his offense level using the

guidelines as revised by Amendment 782.[1] Because the Court applied Amendment 782 at Defendant's original sentencing, Mr. Cepeda's sentencing range has not "subsequently been lowered." 18 U.S.C. § 3582(c)(2). Additionally, the Court imposed a non-guidelines sentence of 36 months' imprisonment, below the amended range of 46 to 57 months' imprisonment, which would also make him ineligible because the Court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Accordingly, his Motion [Doc. # 1391] to Reduce Sentence is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of May, 2015.

---

[1] The Presentence Investigation Report determined that Mr. Cepeda was responsible for conspiring to possess and distribute between 100 and 400 grams of heroin, resulting in a base offense level of 26 under USSG §2D1.1(c)(7). A two level enhancement was applied pursuant to USSG § 2D1.1(b)(1) because Mr. Cepeda possessed a firearm during the offense. The Court granted a three-level reduction for acceptance of responsibility pursuant to §3E1.1, resulting in a total offense level of 25. (PSR [Doc. # 1392-2] ¶¶ 56–65, 119.) As recommended by the PSR, the Court applied Amendment 782 and noted in the Statement of Reasons [Doc. # 1392-3] that the base offense level under Amendment 782 was 24, resulting in total adjusted offense level of 23. At Criminal History Category I, Mr. Cededa's imprisonment range was 46 to 57 months. The Court departed from this range pursuant to the 18 U.S.C. 3553(a) factors and imposed a non-guideline sentence of 36 months. (Statement of Reasons at 3.)